```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                   JASPER DIVISION
```



FILED

MAY 20 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

JUDITH HUMPHRIES, as )
Executrix of the Estate )
of Rickey Humphries, )
deceased, and on her own )
behalf, )
)
    Plaintiff )
)
v. )   CV NO. 96-HM-3283-J
)
BROCK PALMER, )
individually and as a )
Police Officer of the )
City of Hamilton, )
Alabama, MAX BRASHER, )
individually and as the )
Chief of Police of the )
City of Hamilton, )
Alabama, and CITY OF )
HAMILTON, ALABAMA, a )
municipal corporation, )
)
    Defendants )

ENTERED

MAY 20 1997

## MEMORANDUM OPINION

The above-entitled civil action is currently before this Court on the Court's own review. For the reasons hereinafter stated, this Court finds that Plaintiff Judith Humphries's Complaint, filed herein December 19, 1996 is due to be *sua sponte* dismissed without prejudice for pleading violations and lack of relevant factual detail.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Judith Humphries [hereinafter "Plaintiff"], acting as executrix of the estate of Rickey Humphries, deceased [hereinafter "Decedent"], as well as on her own behalf, commenced the above-entitled civil action directly in this United States

District Court on December 19, 1996 with the filing of her three-count Complaint. Plaintiff brings this action against Defendants (1) Brock Palmer [hereinafter "Palmer"], individually and in his official capacity as a police officer of the City of Hamilton, Alabama, (2) Max Brasher [hereinafter "Brasher"], individually and in his official capacity as Chief of Police of the City of Hamilton, Alabama and (3) the City of Hamilton, Alabama, a municipal corporation. Plaintiff alleges that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 [federal question]. A true and correct copy of Plaintiff's Complaint is attached to this Order in the Appendix.

Plaintiff's Complaint alleges the facts underlying this action as follows. On or about November 14, 1996 Defendant Palmer, acting in his official capacity as a police officer of Defendant City of Hamilton stopped an automobile at an intersection in Hamilton. Decedent stopped his truck at this intersection. In the truck with Decedent was his brother, Darrell Humphries. Defendant Officer Palmer recognized Decedent's truck and attempted to arrest Darrell Humphries for a misdemeanor which had occurred at another time and place. Defendant Officer Palmer pointed his pistol at Darrel Humphries and ordered him to place his hands on the dash of the truck. Decedent began to drive the truck away from its location with Darrell Humphries still inside. Officer Palmer fired his gun three times, hitting Decedent once in the back of the head, causing his death.

Plaintiff's complaint alleges that it is brought pursuant to

42 U.S.C. §§ 1983, 1985, 1986, and 1988 "as well as the first, fourth, fifth, eighth and fourteenth amendments [to the United States Constitution]." Complaint at ¶ 1. Plaintiff also seeks to have this Court exercise "pendent jurisdiction" over the claims arising under the law of the State of Alabama. Plaintiff's complaint contains three counts, though none of the three specifically states the claim sought to be asserted.

Under date of February 3, 1997 each Defendant herein filed a Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. These motions assert that this Court lacks subject matter jurisdiction, that the complaint fails to state a claim upon which relief can be granted, that the Decedent's constitutional claims do not survive his death, that each Defendant is entitled to immunity, and other grounds. Neither Plaintiff nor any Defendant has to date submitted any further pleadings, responses to the motions, or briefs in support of or in opposition to the Motions to Dismiss. The Court notes that none of the Motions to Dismiss sought a more definite statement from the Plaintiff.

## DISCUSSION

Counsel of record for Plaintiff has unfortunately engaged in the practice of incorporating each and every allegation of each preceding Count by reference into the Counts which follow. This is a clear violation of Rule 10(b) of the Federal Rules of Civil Procedure, which directs that each count must contain a single claim and a clear statement of all facts upon which Plaintiff contends that such claim is based. Plaintiff's incorporation of all

preceding claims in this 42 U.S.C. § 1983 civil action makes it impossible for this Court to understand which facts Plaintiff is alleging to support which legal claims for relief. Under existing circumstances, Plaintiff is PROHIBITED by this Court from adopting parts or all of the preceding counts by reference in future pleadings to this United States District Court.

It is also completely unclear from Plaintiff's complaint as it currently exists which claims are asserted by Plaintiff in her capacity as Decedent's personal representative and which are asserted in her own right. Counsel of record for Plaintiff also utterly fails to distinguish which Counts in Plaintiff's complaint are federal claims and which are Alabama state law claims. With respect to those state law claims, Plaintiff's counsel has failed to use and plead according to the current federal practice of Supplemental Jurisdiction, see 28 U.S.C. § 1367, relying instead on the former doctrine of pendent jurisdiction.

In Defendants' Motions to Dismiss, the issue of the survival of Plaintiff's constitutional claims has been raised. This Court's initial research has revealed an important difference between survivorship claims and wrongful death claims under 42 U.S.C. § 1983. Plaintiff's Complaint's vagueness has made it impossible to rule on this issue because the Complaint is so ambiguous as to the precise claim asserted and who asserts it or on whose behalf it is asserted. Counsel of record for Plaintiff is strongly advised to familiarize himself with the relevant cases from the Supreme Court, Eleventh Circuit, and former Fifth Circuit on this point and to

frame Plaintiff's Amended Complaint accordingly.

Also claimed by Defendants Brasher and Palmer in their Motions to Dismiss is that official capacity suits against them in their official capacities as Chief of Police and Police Officer of the City of Hamilton, Alabama are the same as a suit against the City of Hamilton, which is already a party to this action. *See Kentucky v. Graham*, 473 U.S. 159 (1985). Counsel of record for Plaintiff is strongly advised to read this case before drafting any further pleadings to this Court on Plaintiff's behalf. Defendant City of Hamilton also notes that Plaintiff's Complaint fails to allege that Defendant City of Hamilton maintained a practice or custom which resulted in the death of Decedent. This is essential to a successful § 1983 claim, since a municipal defendant cannot be liable in a § 1983 action under a theory of *respondeat superior*. *See Monell v. Department of Soc. Servs.*, 463 U.S. 658 (1978). If Chief Brasher and Officer Palmer are to be sued for the alleged on-duty conduct against Decedent, Plaintiff's only legal need under these circumstances is to sue these Defendants in their individual capacities only.

Finally, this Court DIRECTS counsel of record for Plaintiff to read the recent Eleventh Circuit case of *Anderson v. District Bd. of Trustees*, 77 F.3d 364, 366 (11th Cir. 1996). In that case, the Eleventh Circuit warned the members of the federal bar in this circuit against "shotgun" pleading, where the complaint is so lacking in factual clarity and relevant detail that the recipient of the pleading cannot determine "which allegations of fact are

5

intended to support which claim(s) for relief." This Court finds that counsel of record for Plaintiff has unfortunately done exactly that against which the *Anderson* court cautioned. Counsel of record for Plaintiff in this civil action, just like plaintiff's counsel in *Anderson*, has employed the practice of incorporating each and every preceding paragraph of the complaint into each following count, whether or not all of those incorporated paragraphs were germane to the count at hand or not. Moreover, Plaintiff's Complaint is totally bereft of relevant factual detail and is hopelessly confused with respect to the exact legal claims for relief asserted. This Court, like the panel in *Anderson*, will NOT allow such techniques to be employed by counsel of record for Plaintiff in any future pleadings submitted to this Court.

## CONCLUSION

For the reasons stated hereinabove, this Court finds that Plaintiff's Complaint, filed herein December 19, 1996 is due to be *sua sponte* dismissed **without prejudice** for numerous pleading violations. The Motions to Dismiss filed by Defendants herein, since they did not seek a more definite statement, will be ordered denied as MOOT. Plaintiff will be granted a time certain in which to file her FIRST AMENDED COMPLAINT. An appropriate Order in conformity with this Opinion is contemporaneously entered.

DONE this 20th day of May, 1997.

/s/ E.B. Haltom
E.B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

FLORENCE, ALABAMA ADDRESS:

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL 35630
Telephone: (205) 760-8415

7

FILED

96 DEC 19 AM 10: 12

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JUDITH HUMPHRIES, EXECUTRIX OF THE ESTATE OF RICKEY HUMPHRIES, DECEASED, AS EXECUTRIX AND ON HER OWN BEHALF, <br><br> PLAINTIFF, <br><br> v. <br><br> BROCK PALMER, INDIVIDUALLY AND AS A POLICE OFFICER OF THE CITY OF HAMILTON, ALABAMA; MAX BRASHER, INDIVIDUALLY AND AS THE CHIEF OF POLICE OF THE CITY OF HAMILTON, ALABAMA; AND THE CITY OF HAMILTON, A MUNICIPAL CORPORATION. <br><br> DEFENDANTS. | ) ) ) ) ) ) ) ) ) CASE NO. ) ) CV-96-HM-3283-J ) ) ) ) ) ) ) ) ) |

## COMPLAINT

Judith Humphries, as Executrix and in her own right, represented by Sheldon Perhacs, Attorney at Law, represents to this Court the following:

I. This action is being brought pursuant to 42 U.S.C. Section 1983, 1985 (2,3), 1986, and 1988, as well as the first, fourth, fifth, eighth and fourteenth amendments. Jurisdiction is founded on 28 U.S.C. 1331 and 1343 (1,2,3,4) and the aforementioned statutory and constitutional provisions. The plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising out of the laws of the state of Alabama. The amount in controversy, exclusive of interest and costs, exceeds the sum of $50,000.00.

APPENDIX

HUMPHRIES v. PALMER, et al.
COMPLAINT
PAGE 2

II. The plaintiff, Judith Humphries, is a citizen of the United States and a resident of Marion County, Alabama. She is also the Executrix of the estate of her husband, Rickey Humphries. Letters Testamentary were granted to her by Annette Bozeman, Judge of Probate of Marion County on November 27, 1996. Judith Humphries sues as the Executrix of the estate of her husband, Rickey Humphries, as well as in her own behalf.

III. The plaintiff's decedent is Rickey Humphries, a 37 year old citizen of the United States and resident of Marion County, Alabama, who was born on October 24, 1959.

IV. At all times relevant hereto, the defendant, Brock Palmer, was a police officer of the police department of the City of Hamilton, Alabama, and at all times herein was acting in his capacity as the agent, servant, and employee of the other defendants.

V. Defendant Chief Max Brasher is and was at all times described in this complaint the Police Chief of the city of Hamilton, Alabama. As such, he was the commanding officer of Brock Palmer and was responsible for the training, supervision and conduct of defendant Palmer as is more fully set out below. Chief Brasher was and

HUMPHRIES v. PALMER, et al.
COMPLAINT
PAGE 3

is also responsible by law for enforcing the regulations of the City of Hamilton Police Department and for ensuring that Hamilton police officers obey the laws of the state of Alabama and the United States. Chief Brasher is sued individually and in his official capacity.

VI. The defendant City of Hamilton is a municipal corporation in the state of Alabama and at all times relevant to this proceeding employed the defendants Palmer and Brasher as police officer and Police Chief respectively.

VII. At all times relevant to this proceeding, all of the defendant were acting under color of law pursuant to their authority as police officer, Police Chief, and City of Hamilton.

## COUNT ONE

1. On November 14, 1996 defendant Palmer was on duty acting as a police officer on behalf of defendant City of Hamilton. At approximately 7:15 P.M. on November 14, 1996 the plaintiff decedent was driving his pick up truck in the city of Hamilton. On the night referred to above, Rickey Humphries stopped his pick up truck at an intersection in the city of Hamilton at which Officer Palmer had also stopped

HUMPHRIES v. PALMER, et al.
COMPLAINT
PAGE 4


another vehicle. Darryl Humphries, the brother of Rickey Humphries, was the passenger in the pick up truck being operated by Rickey Humphries.

2. Upon seeing the pick up truck of Rickey Humphries, Officer Palmer attempted to arrest of Darrell Humphries for the alleged commission of a misdemeanor offense that occurred out of the hearing and presence of the officer. Officer Palmer, in an attempt to arrest of Darrell Humphries, pointed his pistol at him and ordered him to place his hands upon the dash of the pick up truck.

3. Rickey Humphries, having committed no criminal offense, began to drive his vehicle away from the location at which Officer Palmer was located. When the vehicle being driven by Rickey Humphries was only a few feet from the location of Officer Palmer, Officer Palmer, without legal justification, wilfully, maliciously and intentionally fired his pistol three times, hitting Rickey Humphries once in the back of the head, thereby causing his death.

4. The plaintiff alleges that Officer Palmer stopped the pick up truck driven by Rickey Humphries without just or legal cause, thereby violating rights of Rickey Humphries under the laws and constitution of the United States, and in particular the

HUMPHRIES v. PALMER, et al.
COMPLAINT
PAGE 5

amendment, as well as his rights under the constitution and laws of the State of Alabama.

5. By shooting Rickey Humphries in the back of the head, the defendant Palmer directly violated the rules and regulations of the city of Hamilton Police Department regarding the use of force and deadly force. As a proximate consequence of the above described unlawful and malicious acts of defendant Palmer, all of which were committed under the color of his authority as a police officer for the City of Hamilton, and all of which were done while acting in that capacity, Rickey Humphries suffered grievous bodily injury and loss of life, all of which were in violation of his rights under the laws and constitution of the United States, and particularly the first, fourth, fifth, eighth, and fourteenth amendments thereof, and 42 U.S.C. Section 1983, 1985 (2,3), 1986 and 1988.

6. The plaintiff alleges that Rickey Humphries was the victim of a summary execution at the hands of the defendant Palmer, and that the punishment constituted cruel and unusual punishment and deprived Rickey Humphries of his right to due process under the laws and constitution of the United States, and particular the fourth,

HUMPHRIES v. PALMER, et al.
COMPLAINT
PAGE 6

eighth, and fourteenth amendments thereto. The shooting of Rickey Humphries by defendant Palmer was unwarranted, cruel, unjustifiable and excessive.

7. The plaintiff also alleges that as a further result of the acts described above, Rickey Humphries was deprived of rights and immunities secured to him under the constitution and laws of the United States and the state of Alabama including, but not limited to, his rights under the fourteenth amendment to be secure in his person, to be free from punishment without due process, and to equal protection of the laws.

8. The failure of the defendant, Chief Max Brasher and the City of Hamilton, to provide training and supervision regarding the lawful use of an officer's pistol amounted to gross negligence and revealed a deliberate indifference to the safety and lives of the city of Hamilton Alabama. The plaintiff alleges that this gross negligence proximately caused the death of her husband.

9. The defendant City of Hamilton and defendant Brasher are directly liable and responsible for the acts of defendant Palmer because they repeatedly and knowingly failed to enforce the laws of the State of Alabama and the regulations of the City of Hamilton Police Department pertaining to the use of force and deadly force. The failure of the City of Hamilton and defendant Brasher to enforce the laws of the State

HUMPHRIES v. PALMER, et al.
COMPLAINT
PAGE 7

of Alabama created within the police department of the city of Hamilton an atmosphere of lawlessness in which the defendant Palmer employed excessive and illegal force and violence, including the deadly force in this situation, in the belief that the acts will be condoned and justified by his superiors. The defendants, the City of Hamilton and Brasher, were aware of the prior unlawful acts and prior malicious practices of defendant Palmer at the time of this shooting, but failed to take any action to prevent and protect citizens and members of the public from the inappropriate and unlawful acts of defendant Palmer.

## COUNT TWO

1. The plaintiff realleges and reavers all of the allegations and averments contained in Count One.

2. The shooting of Rickey Humphries by defendant Palmer was carried out in such a negligent fashion so as to demonstrate a lack of cautious regard on the part of defendant Palmer on the right of Rickey Humphries to be free from unnecessary and unlawful bodily harm, and was additionally conducted without due care and diligence which a prudent and reasonable police officer would have displayed in attempting to make an arrest.

HUMPHRIES v. PALMER, et al.
COMPLAINT
PAGE 8


3. The shooting of Rickey Humphries was also done wilfully, wantonly, maliciously, and with a careless disregard of the consequences so as to reveal a conscious indifference on the part of defendant Palmer to the clear risk of death to Rickey Humphries.

4. The failure of defendant City of Hamilton and defendant Brasher to adequately supervise and discipline or in any other way to control the conduct of defendant Palmer in the exercise of his police functions, as well as their failure to enforce the laws of the State of Alabama, is evidence of their reckless lack of regard for the rights of the members of the public, including those of Rickey Humphries, and exhibits a lack of due care in the execution of their duties as the City of Hamilton and the Police Chief.

5. The City of Hamilton and defendant Brasher had personal knowledge of the fact that defendant Palmer had previously exhibited his lack of qualifications to act as a police officer for the City of Hamilton, as both the City of Hamilton and defendant Brasher were aware of the fact that defendant Palmer had previously and inappropriately used excessive force on a number of other occasions thereby causing serious injuries to other members of the public. All of these allegations demonstrate that

HUMPHRIES v. PALMER, et al.
COMPLAINT
PAGE 9

the death of Rickey Humphries was the proximate result of the unlawful violence and reckless acts of all of the defendants.

### COUNT THREE

1. The plaintiff realleges and reavers all of the allegations and averments contained in Count One and Count Two.

2. The plaintiff alleges that defendant Palmer wantonly and maliciously caused the death of Rickey Humphries by shooting him in the back of the head on November 14, 1996.

WHEREFORE, the plaintiff demands judgment against the defendants as follows:

1. As against the City of Hamilton, those compensatory and punitive damages allowable by law for the deprivation of civil rights guaranteed to Rickey Humphries, as well as his wrongful death.

2. As against defendant Chief Max Brasher, those compensatory and punitive damages in excess of $50,000.00 for the deprivation of the civil rights guaranteed to Rickey Humphries, as well as his wrongful death.

HUMPHRIES v. PALMER, et al.
COMPLAINT
PAGE 10


3. As against defendant Brock Palmer, those compensatory and punitive damages allowable by law for the deprivation of the civil rights guaranteed to Rickey Humphries, as well as his wrongful death.

4. As against defendant Brock Palmer for the wrongful death of Rickey Humphries.

*Judith Humphries*
Judith Humphries, Executrix

**A JURY TRIAL IS DEMANDED**

*Sheldon Perhacs*
SHELDON PERHACS (PER 004)
ATTORNEY AT LAW
1607 21st STREET SOUTH
BIRMINGHAM, ALABAMA 35205
205/939-3039


**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL:**

1. CITY OF HAMILTON
   c/o Mayor Ken Mays
   HAMILTON CITY HALL
   HAMILTON, AL 35570

HUMPHRIES v. PALMER, et al.
COMPLAINT
PAGE 11


2. CHIEF MAX BRASHER
   HAMILTON CITY HALL
   HAMILTON, AL 35570

3. OFFICER BROCK PALMER
   HAMILTON POLICE DEPT.
   HAMILTON CITY HALL
   HAMILTON, AL 35570